IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 9, 2019

**VICTORIA BIGELOW v. JOHN SCHUMACHER**

**Appeal from the Chancery Court for Rutherford County**
**No. 19CV-307      Barry R. Tidwell, Judge**

_____

**No. M2019-00806-COA-R3-CV**

_____

This is a parentage action in which the putative father challenged the trial court's jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act, Tenn. Code Ann. § 36-6-201, *et seq*. After the trial court accepted jurisdiction and appointed a special master, the putative father filed a notice of appeal. Because the trial court has not entered a final judgment that resolves all the claims between the parties, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ANDY D. BENNETT, RICHARD H. DINKINS, AND W. NEAL MCBRAYER, JJ.

Jacob Dalton Flatt, Murfreesboro, Tennessee, for the appellant, John Schumacher.

William Scott Kimberly, Murfreesboro, Tennessee, for the appellee, Victoria Bigelow.

**MEMORANDUM OPINION**[1]

Victoria Bigelow ("Mother") filed a Petition to Establish Parentage, to Establish Residential Schedule, and to Set Child Support in the Chancery Court for Rutherford County. The putative father, John Schumacher ("Father"), filed a motion to dismiss the

_____

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

petition for lack of subject matter jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act, Tenn. Code Ann. § 36-6-201, *et seq*. On April 24, 2019, the trial court denied Father's motion to dismiss and accepted jurisdiction over the case. The trial court appointed a special master on April 29, 2019. On May 14, 2019, the special master entered an order resetting a hearing. The record contains no further orders. Father filed his notice of appeal on May 8, 2019.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

Here, the trial court has not adjudicated any of the claims raised in Mother's petition. Father's notice of appeal states he is appealing from a "final judgment" entered on May 3, 2019. However, the record does not contain an order entered on May 3, 2019. The only substantive action taken by the trial court is the denial of Father's motion to dismiss. The denial of a motion to dismiss does not end a lawsuit or constitute a final judgment. *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 460 (Tenn. 1995).

This court received the record on appeal on August 13, 2019. After reviewing the record, the court determined that the trial court had not entered a final judgment and, on August 19, 2019, ordered the parties to show cause within fourteen (14) days why the appeal should not be dismissed. Neither party has responded.

The appeal is hereby dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. The costs of the appeal are taxed to John Schumacher.

PER CURIAM